UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GUILLERMO HELADIO GUERRERO FELIX,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX, *et al.*,

Respondents.

Case No. 1:26-cv-05236-NW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF No. 1

Petitioner Guillermo Heladio Guerrero Felix filed a Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"), or alternatively a bond hearing. *See* ECF No. 1 at 20. The instant petition raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Petitioner attempted to enter the United States in 2003 and was granted a voluntary departure back to Mexico by U.S. Customs and Border Patrol. ECF No. 5-1 at 4. He later re-entered the United States at an unknown date and time and has since lived in the country for many years. *Id*. at 3. Indeed, Petitioner is married to a lawful permanent resident, with whom he has three children. *Id*. at 4. He also owns a home in Lanchester, Texas, works as a tile subcontractor, and has no criminal history—a contention which Respondents do not dispute. *Id*. at 4. Petitioner was not encountered by immigrations authorities following his re-entry into the country, and it appears, based on the record before the Court, that he did not otherwise seek legal status.

On April 9, 2026, Petitioner was arrested by ICE while he was driving, placed in detention, and subsequently served a Notice to Appear placing him in removal proceedings. *Id*.; ECF No. 5-

United States District Court
Eastern District of California

1 at 2; ECF No. 5-2 at 1. Petitioner has remained detained since his arrest and has not been provided a bond hearing as Respondents maintain that Petitioner may be mandatorily detained under 8 U.S.C. § 1225(b)(2)(A). ECF No. 1 at 1; ECF No. 10 at 1.

The Court rejects Respondents' argument that Petitioner's detention is controlled by § 1225(b)(2)(A). The Ninth Circuit in *Rodriguez Vazquez v. Bostock* held that § 1225(b)(2)(A) does not apply to noncitizens, like Petitioner, who are present in the United States without admission and were arrested in the interior of the country. 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). Accordingly, the Court finds that Petitioner's detention, bond, and release are controlled by § 1226(a).

Courts have taken differing approaches when presented with the question of the appropriate remedy where an individual has been unlawfully detained under § 1225(b), but otherwise has not been previously detained by immigration authorities or interacted with immigration authorities in any way. Under some circumstances, courts have granted immediate release. *See, e.g.*, *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025) (granting immediate release where Government denied that petitioner was detained under § 1226); *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553, at *7 (E.D. Cal. Jan. 8, 2026) (same); *J.A.C.P. v. Wofford*, No. 1:25-CV-01354-KES-SKO (HC), 2025 WL 3013328, at *7–8 (E.D. Cal. Oct. 27, 2025) (same); *Feng v. Lyons*, No. 1:26-CV-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (refusal to provide § 1226(a) bond hearing was a due process violation that warranted release where government made no showing that Petitioner was a flight risk or danger to the public); *Molina Alberto v. Leyva*, No. 2:26-CV-01216-RFB-NJK, 2026 WL 1557266, at *4 (D. Nev. June 2, 2026) (same); *Djiwaje v. Bondi*, No. 2:26-CV-00344-RFB-MDC, 2026 WL 926753, at *3–4 (D. Nev. Apr. 6, 2026) (finding an arrest is unlawful, and release was warranted, where the Government failed to follow its own regulations under § 1226(a) in issuing a warrant before arresting petitioner). In other instances, courts have denied release, but ordered that the petitioner be provided a prompt § 1226(a) bond hearing before an Immigration Judge. *Henry A.V.L. v. Warden of the Cent. Valley Annex Det. Facility*, No. 1:26-CV-03354-MWJS, 2026 WL 1391273, at *2 (E.D. Cal. May 18, 2026); *Anderson O.H.G. v. Johnson*, No.

1:26-CV-03248-MWJS, 2026 WL 1330831, at *1 (E.D. Cal. May 12, 2026); *Lopez-Perez v. Johnson*, No. 1:26-CV-03083-JLT-SAB (HC), 2026 WL 1506818, at *1 (E.D. Cal. May 29, 2026).

Under the circumstances presented here, a prompt bond hearing is proper. Respondents have submitted evidence that Petitioner may be a flight risk if released. He previously attempted to enter the United States in 2003, was apprehended by immigration authorities, and was granted voluntary departure back to Mexico. ECF No. 5-1 at 4. Following this departure, he re-entered the United States and has not sought legal status since. *Id*. Additionally, Petitioner was recently granted a voluntary departure to Mexico by an Immigration Judge, though he intends to appeal this decision. ECF No. 10-1 at 1. These facts could support a finding that Petitioner is a flight risk, but Respondents must make this showing at the bond hearing which Petitioner is statutorily entitled to.

Accordingly, the petition for writ of habeas corpus, ECF. No. 1, is GRANTED in part. Within seven (7) days of this order Respondents are directed to arrange a bond hearing for Petitioner before a neutral immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations at which Petitioner's eligibility for bond must be considered. Petitioner shall be allowed to have counsel present, and the bond hearing may be rescheduled to a later date on Petitioner's request. Respondents are ordered to file a status report, within five days of the bond hearing, confirming that the hearing occurred and attaching or describing the immigration judge's order.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: August 30, 2026

Noël Wise
United States District Judge